IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zechariah Quintin Gable,  )<br>  )<br>                 Plaintiff,  )<br>  )<br>            v.  )<br>  )<br>Carolyn W. Colvin,  )<br>Acting Commissioner of Social  )<br>Security,  )<br>  )<br>                 Defendant.  )<br>_____  ) | Civil Action No.: 9:14-2820-BHH<br><br><br><br>**OPINION AND ORDER** |

       The plaintiff, Zechariah Quintin Gable ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claim to continue to receive Supplemental Security Income ("SSI") when he turned eighteen years of age, after receiving SSI as a child. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On May 12, 2015, the magistrate judge issued a Report and Recommendation in which he determined that the Commissioner's decision was based on substantial evidence. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 12.) The plaintiff filed Objections on May 27, 2015 (ECF No. 14), and on June 15, 2015, the Commissioner filed a Reply (ECF No. 15). For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below in relevant part. The plaintiff received SSI as a child, but his application to continue benefits when he turned eighteen years of age was denied because he was found to not meet the disability standard for adults. (R. at 51.) The plaintiff's application was denied initially and on reconsideration. (R. at 75-80.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on January 25, 2013, finding that the plaintiff was not disabled. (R. at 12-19, 25-43.) The Appeals Council denied the plaintiff's request for review (R. at 1-4), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on July 14, 2014. (ECF No. 1.)

**REPORT AND RECOMMENDATION**

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 12 at 29.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no

2

objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court

3

disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Id.* at 279.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on May 27, 2015 (ECF No. 14), and the Commissioner filed a reply on June 15, 2015 (ECF No. 15).  The plaintiff objects to the magistrate judge's recommendation concerning the ALJ's alleged (1) failure to properly consider the effects of medication on his disability and (2) failure to properly evaluate the opinion of a school psychologist.  The Court will consider each specific objection in turn.[1]

The plaintiff first asserts that the magistrate judge erred in noting that he performed better on his medications.  The plaintiff contends that the magistrate judge failed to recognize that he had been deemed disabled as a child, notwithstanding the same medications and, therefore, there is no current basis to conclude that the medications render him non-disabled.

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent.  Exhaustive recitation of law and fact exists there.

But, as the defendant emphasizes, the magistrate judge's observations concerning the benefits of medication were only one of a numerously lit constellation of factors for concluding that the plaintiff had no more than moderate difficulties in maintaining concentration and pace. (See R&R at 18-19.)  So any overstatement with respect to medications is harmless in the context of the many reasons given by the magistrate judge in support; the plaintiff has only challenged the one.  *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (affirming denial of benefits where the ALJ erred in evaluating claimant's pain because "he would have reached the same conclusion notwithstanding his initial error").  Moreover, the magistrate judge recognized the difference in the applicable rules and standards for establishing disability as between children and adults. (R&R at 14.)  And, no deference need be given to any previous determination of an individual's disability as a child.  *See* 42 U.S.C. § 1382.  The magistrate judge's consideration of the ALJ's decision, in this regard, was also supported by the opinion of a state agency psychologist.  (R. at 366-83, 408.)  The plaintiff emphasizes Dr. DePace's statement but it was appropriately considered by the magistrate judge.  (R&R at 23-24.)  But, again, even if this view on the effects of medication were somehow not fully supported, other uncontested bases exist for concluding that the plaintiff had the limitations he did, in the degree observed.  (See R&R at 18-19.)  There is no error.

The plaintiff also argues that the magistrate judge erred in noting that school psychologist Leah Tudor did not assess permanently disabling limitations, contrary to the plaintiff's argument that she did.  In support, the plaintiff cites Tudor's statement that "before Zach can become employable he will have to learn to control his verbal comments and moderate his behavior." (R. at 455.)  The magistrate judge, however, specifically

5

recognized this statement and found as follows:

> Further, although there is a comment about Plaintiff needing to learn to control his verbal comments and moderate his behavior before he could become employable, later reports indicate his behavior improved, with the May 2012 IEP noting that "overall [Plaintiff's] behavior has been appropriate." (R.p. 218). The ALJ also acknowledged that Plaintiff had a history of some attitude and behavior problems which limited his ability to act with the general public, and included this restriction in his RFC. That does not, however, mean that Plaintiff is disabled from all work activity. *Trenrary*, 898 F.2d at 1364 [Courts should properly focus not on a claimant's diagnosis, but on the claimant's actual functional limitations].

(R&R at 20) (alteration in original). The magistrate judge further noted that the plaintiff spent time with friends and was able to make his own purchases; that the school psychologist noted that he enjoyed interacting with the plaintiff and that the plaintiff was not a rule breaker; that although the plaintiff got annoyed with younger students at school, he was very respectful and very mature and good with adults; and that at mental health appointments, the plaintiff was consistently noted to be cooperative with an appropriate affect and normal mood (R&R at 18). The magistrate judge, therefore, reasonably concluded that the ALJ's finding that the plaintiff could have limited interaction with others was supported by substantial evidence. There is no error.

The plaintiff's objection related to various reports not considered by the ALJ, is non-specific as to the reports he means. Moreover, a thorough review of the record satisfies the undersigned that the medical and clinical evidence in this case was thoroughly considered by the ALJ and again by the magistrate judge on review.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court concurs in the recommendation of the Magistrate Judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

September 22, 2015
Greenville, South Carolina